

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 23, 2021

**BY ECF**
The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   United States v. Jonathan Lopez, 19 Cr. 899 (PAC)

Dear Judge Crotty:

On June 15, 2021, after a competency hearing, the Court found defendant Jonathan Lopez incompetent and committed him to the custody of the Attorney General for hospitalization and evaluation pursuant to 18 U.S.C. § 4241(d)(1). In its commitment order, ECF Doc. No. 61, the Court instructed the director of the treatment facility to provide the Court with an update on Lopez's progress within 60 days of the Court's order, *i.e.*, by August 16, 2021. The Government writes to advise the Court that due to nationwide limitations on the capacity of the Bureau of Prisons ("BOP") competency restoration facilities, Lopez is not expected to transfer to the designated facility until around the end of August.

Since the Court committed him on June 15, 2021, Lopez has been detained at the Essex County Correctional Facility in New Jersey.[1] He has been designated for competency evaluation and restoration at Federal Medical Center Devens ("FMC Devens") in Massachusetts. Due to the specialized nature of such treatment, the BOP's capacity is limited and inmates designated for competency restoration are placed on a nationwide waiting list in the order they are received. The BOP currently anticipates that Lopez will be transferred to FMC Devens around the end of August.

We have discussed with the BOP and the defense options to address this delay. Because the BOP has plenary authority as to placement within its facilities, it is unclear whether the Court could direct the BOP to expedite Lopez's transfer to FMC Devens. *See United States v. Quintero*, 995 F.3d 1044, 1050 (9th Cir. 2021) ("We hold that § 4241(d) mandates that district courts commit mentally incompetent defendants to the custody of the Attorney General for treatment, without discretion for the court to order a particular treatment setting."). But even if the Court could direct the BOP to move Lopez more quickly to FMC Devens, prudential concerns weigh against such a

---

[1] At Essex, Lopez receives regular medication and has been seen by medical professionals four times. He has refused mental health services. Lopez is out of his cell at least 2.5 hours each day.

Hon. Paul A. Crotty  Page 2
July 23, 2021

course. The BOP can move up Lopez on the waiting list only by moving down another inmate who has waited longer. This solution is systemically unsustainable.

Alternatively, the Court could order Lopez temporarily bailed and set a date for his surrender to FMC Devens. *See United States v. Magassouba*, 544 F.3d 387, 413 (2d Cir. 2008) (because confinement under Section 4241(d)(1) begins upon custodial hospitalization, "[t]o the extent [the defendant] was otherwise generally detained at the MDC or MCC, that commitment was authorized not by § 4241(d)(1) but by the Bail Reform Act, 18 U.S.C. § 3142"). The BOP advises that FMC Devens is capable of accepting Lopez's surrender on the date he would have been transferred. Again, however, prudential considerations weigh against this course. Lopez is charged in this case with making threats of violence against a federal official, and he has repeatedly disregarded the orders of this Court during pretrial supervision, necessitating the issuance of a bench warrant and his arrest by the United States Marshals Service on October 1, 2020. The Court previously denied Lopez's request to self-surrender for competency treatment because "Lopez's history of noncompliance with the conditions of his bail (including curfew/location violations and failing to attend mental health treatment), his past failure to appear, and his admission during the competency hearing that he possesses pieces of a firearm left the Court with little confidence that Lopez would self-surrender when the time comes, or that it would be wise to allow him out in the community in the meantime." ECF Doc. No. 62 at 10 (citations omitted). The same prudential concerns, which also go to the bail factors enumerated under Section 3142(g), still counsel against release today.

The Government shares the frustration of the defense and the Court at the delay in Lopez's transfer for competency restoration. Having considered the possibilities, however, the Government sees no way to assist Lopez without working an unfairness to a similarly situated defendant (by expediting Lopez's transfer) or risking harm to the community (by bailing Lopez and ordering him to self-surrender), including the Deputy United States Marshals who must arrest Lopez should he fail to surrender as directed. Accordingly, the Government respectfully requests that the Court extend the deadline to provide Lopez's treatment progress report to November 1, 2021, representing a date of approximately 60 days from his anticipated transfer to FMC Devens.

7/26/21

*The US Attorney is directed to report when Defendant is transferred to FMC Devens, hopefully late August.*

*So ordered.*
*Paul A. Crotty*
*USDJ*

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: _____
Alexander Li
Assistant United States Attorney
(212) 637-2265

cc:   Patricia Pileggi, Esq. (*by ECF*)